**ON REHEARING EN BANC**

**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-1620**

JOANN D. BRITT,

        Plaintiff – Appellant,

    v.

LOUIS DEJOY, Postmaster General,

        Defendant – Appellee.

------------------------------

UNIVERSITY OF VIRGINIA APPELLATE LITIGATION CLINIC,

        Amicus Curiae.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Richard D. Bennett, Senior District Judge.  (1:19-cv-00401-RDB)

Argued:  January 28, 2022                    Decided:  August 17, 2022

Before GREGORY, Chief Judge, WILKINSON, NIEMEYER, MOTZ, KING, AGEE, WYNN, DIAZ, THACKER, HARRIS, RICHARDSON, QUATTLEBAUM, RUSHING, and HEYTENS, Circuit Judges.

Jurisdiction retained for consideration of the merits by published order.  Chief Judge Gregory directed entry of the order with concurrences of Judges Wilkinson, Niemeyer, Motz, King, Agee, Wynn, Diaz, Thacker, Harris, Richardson, Quattlebaum, Rushing, and Heytens.

**ARGUED:** Daniel Lewis Cox, THE COX LAW CENTER, LLC, Emmitsburg, Maryland, for Appellant. Rebecca Ann Koch, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee. Elizabeth Adler, UNIVERSITY OF VIRGINIA SCHOOL OF LAW, Charlottesville, Virginia, for Amicus Curiae. **ON BRIEF:** Robert K. Hur, United States Attorney, Erek L. Barron, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee. J. Scott Ballenger, Ian Hurst, Third Year Law Student, Appellate Litigation Clinic, UNIVERSITY OF VIRGINIA SCHOOL OF LAW, Charlottesville, Virginia, for Amicus Appellate Litigation Clinic at the University of Virginia School of Law.

---
ORDER
---

GREGORY, Chief Judge:

Appellant Joann D. Britt, a former employee of the United States Postal Service ("Postal Service," "USPS," or the "Agency"), appeals the district court's dismissal of her employment discrimination, hostile work environment, and retaliation claims. But rather than decide the merits of Britt's claims, we begin and end our en banc role by assessing this Court's jurisdiction. In so doing, we take the opportunity to summarize our guidance regarding our appellate jurisdiction under § 1291, examine the inconsistency that flows from a case-by-case determination of finality when a complaint is dismissed without prejudice, and—ultimately—establish a new rule governing our decision making in such cases: When a district court dismisses a complaint or all claims without granting leave to amend, its order is final and appealable. Our opinion seeks to ensure predictable outcomes when determining finality, while reminding district courts that they are the masters of their dockets and cautioning litigants that they have a strong incentive to clarify the finality of an order before they knock on this Court's door.

I.

Britt was a 15-year employee of the Postal Service at the Emmitsburg, Maryland post office when she was terminated following an alleged physical altercation with a co-worker. At the time of her separation, Britt had received a workman's compensation

3

modified, limited duty assignment from the U.S. Department of Labor that limited physical performance of her duties due to an on-the-job injury. She alleges that she was subjected to harassment, discrimination, and retaliation when she returned to work after shoulder surgery; that her supervisors denied her breaks and assigned her duties beyond the specified limitations of her modified work assignment; and that both supervisors and co-workers expressed resentment towards her and disdain for her need for disability accommodations, creating an embarrassing, demeaning, hostile, and discriminatory working environment.

On April 14, 2017, the Postal Service suspended Britt without pay following an encounter with her co-worker, maintaining that her conduct violated workplace policies prohibiting "violence or threats of violence" and "harassment, intimidation, threats, or bullying by anyone at any level" at the Postal Service. J.A. 89. The Postal Service subsequently terminated Britt from her position. In response, 45-year-old Britt filed an Equal Employment Opportunity ("EEO") discrimination complaint alleging age and disability discrimination, retaliation, and a hostile work environment. After Britt waived her right to an administrative hearing, the Postal Service issued its Final Agency Decision, concluding that she had failed to establish a *prima facie* case of discrimination.

Britt subsequently filed a complaint, later amended, in the district court, alleging she was unlawfully discriminated against because of her disability in violation of both the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. §§ 12101 *et seq.*, and the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. §§ 701 *et seq.*, and because of her age, in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq.* Britt also claims that she was retaliated against and subjected to

4

a hostile work environment because of her disability, age, and for engaging in a protected activity—filing an EEO discrimination complaint.

The Postal Service moved to dismiss the Amended Complaint, or in the alternative, for summary judgment. In its April 8, 2020, memorandum opinion, the district court treated the Postal Service's motion as a motion to dismiss pursuant to Federal Rule of Civil Procedure Rule 12(b)(6) and entered an order granting the motion for failure to state a plausible claim for relief. The court dismissed all of Britt's claims with prejudice except for her retaliation claim, finding that she had not pled any *prima facie* claims of unlawful discrimination. The court then dismissed Britt's retaliation claim based on the Amended Complaint's failure to "sufficiently allege a causal link between" her "protected activity and an adverse employment action." J.A. 121. Specifically, the district court found that the Amended Complaint failed to identify when Britt filed her EEO complaint, when her supervisors had notice of her EEO filing, or other "plausible additional facts that could assert a causal nexus between her protected activity and her termination." J.A. 122. But the district court dismissed the retaliation claim without prejudice—and without granting leave to amend—concluding that "[s]uch deficiencies are not fatal to Britt's retaliation claim." *Id.* Yet in the court's accompanying order, it directed the Clerk of Court to "close the case." J.A. 124.

Britt appealed the dismissal of her Amended Complaint to this Court. Following oral argument before a panel of this Court on September 22, 2021, and a *sua sponte* poll of the Court, we decided to rehear this case *en banc* "on the issue of when a dismissal without prejudice is final, and thus appealable." Order, ECF No. 34. The parties have submitted

5

supplemental briefs on that issue. *Id.* For the reasons discussed below, we conclude we have jurisdiction.

## II.

This Court has jurisdiction "from all final decisions of the district courts" in our circuit. 28 U.S.C. § 1291. The Supreme Court long-ago clarified that "[a] 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945) (citing *St. Louis, I.M. & S. Ry. Co. v. S. Express Co.*, 108 U.S. 24, 28 (1883)); *see also Hixson v. Moran*, 1 F.4th 287, 301 (4th Cir. 2021) (same). Stated differently, "[a] final decision is one by which a district court disassociates itself from a case." *Gelboim v. Bank of Am. Corp.*, 574 U.S. 405, 408 (2015) (internal quotation marks omitted); *see also Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 42 (1995). The Supreme Court has also explained that "[a]ppeal gives [courts of appeal] power of review, not one of intervention" meaning that "[s]o long as the matter remains open, unfinished or inconclusive, there may be no intrusion by appeal." *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949).

Ensuring the finality of lower court proceedings before appellate review is critical for "preserv[ing] the proper balance between trial and appellate courts," by minimizing piecemeal appeals, and for promoting "efficient administration of justice." *Microsoft Corp. v. Baker*, 137 S. Ct. 1702, 1712 (2017). Finality is so important that "[w]e routinely require litigants to wait until after final judgment to vindicate valuable rights, including

rights central to our adversarial system." *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 108–09 (2009).

"Ordinarily, a district court order is not 'final' until it has resolved *all* claims as to all parties." *Porter v. Zook*, 803 F.3d 694, 696 (4th Cir. 2015) (quoting *Fox v. Balt. City Police Dep't*, 201 F.3d 526, 530 (4th Cir. 2000)).  Thus, an order that dismisses a complaint with leave to amend is not a final decision because it means that the district court is not finished with the case.  *See Jung v. K. & D. Min. Co.*, 356 U.S. 335, 336–37 (1958).  In such cases, if a plaintiff fails to amend (or amend timely) or elects to "stand on the complaint," the district court must still issue an order that constitutes a final decision.  *Id.* at 337 (stating that "another order of absolute dismissal" is required).  To be sure, a plaintiff may only amend her complaint following a judgment if they file a motion to reopen or to vacate the judgment under Federal Rule of Civil Procedure 59(e) or Federal Rule of Civil Procedure 60(b).  *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006) (en banc); *see also* Fed. R. Civ. P. 59(e); Fed. R. Civ. P. 60(b).

After issuing a memorandum opinion intended to fully dispose of the action or complaint, district courts are expected to comply with Federal Rule of Civil Procedure 58 which requires, with limited exceptions,[1] that "[e]very judgment and amended judgment

---

[1] As a rare exception to finality, Congress allows for interlocutory appeals via Federal Rule of Civil Procedure 54. Fed. R. Civ. P. 54.  To be certifiable as a final judgment under Rule 54(b), and therefore appealable under 28 U.S.C. § 1291, "[a] judgment 'must be' 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the court of a multiple claims action.'"  *See MCI Constructors, LLC v. City of Greensboro*, 610 F.3d 849, 855 (4th Cir. 2010) (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980)).  To certify an order under Rule 54(b) as a final judgment, the district
(Continued)

must be set out in a separate document." Fed. R. Civ. P. 58.[2]  This "separate-document requirement was [] intended to avoid the inequities [] inherent when a party appealed from a document or docket entry that appeared to be a final judgment […] only to have the appellate court announce later that an earlier document or entry had been the judgment and dismiss the appeal as untimely." *Bankers Tr. Co. v. Mallis*, 435 U.S. 381, 385 (1978); *see also Hummer v. Dalton*, 657 F.2d 621, 624 (4th Cir. 1981) (explaining that the "sole purpose of this part of [Rule 58] is the protection of an appellant from dismissal of his appeal for untimeliness").

Nevertheless, "certainty as to timeliness . . . is not advanced by holding that appellate jurisdiction does not exist absent a separate judgment.  If, by error, a separate judgment is not filed before a party appeals, nothing but delay would flow from requiring the court of appeals to dismiss the appeal." *Bankers*, 435 U.S. at 385; *see also Hummer*, 657 F.2d at 624 (clarifying that when the district court mistakenly fails to comply with Rule 58 by not issuing a separate final judgment, it is "unnecessary to abort an appeal"). Thus, though under Federal Rule of Appellate Procedure 4(a), the time for filing a notice

---

court must first "determine whether the judgment is final" and second, "determine whether there is no just reason for the delay in the entry of judgment." *Braswell Shipyards, Inc. v. Beazer E., Inc.*, 2 F.3d 1331, 1335 (4th Cir. 1993) (citing *Curtis–Wright*, 446 U.S. at 7–8). Accordingly, "Rule 54(b) certification is . . . the exception rather than the norm," particularly because "[i]t will be a rare case where Rule 54(b) can appropriately be applied when the contestants on appeal remain contestants below." *Id.* at 1336–37.

[2] Federal Rule Civil of Procedure 79 directs that the district clerk shall "briefly" and chronologically file each entry in the action, as well as the substance of each order or judgment of the court. Fed. R. Civ. P. 79.  Rule 58 is not required for orders disposing of Rule 50(b), 52(b), 54(d)(2)(B), 59, or 60 motions.  Fed. R. Civ. P. 58.

of appeal begins to run upon "entry" of a judgment order, Rule 4(b) clarifies that "failure to set forth a judgment or order on a separate document [as] required by [Rule 58(a)] does not affect the validity of an appeal from that judgment or order."[3]

## III.

Though most litigants may appeal only after a district court enters a "final decision," it is not always obvious what that phrase means, particularly in the context of without prejudice dismissals.[4]  It is well-established that dismissals made without prejudice when leave to amend is denied are final and appealable, and it is equally well-established that dismissals made without prejudice when leave to amend is granted are not.  *See Jung*, 356 U.S. at 337 (holding that a dismissal granting leave to amend "did not constitute the final judgment"); *see also Gelboim*, 574 U.S. at 414 (holding that the district court's "order dismissing [plaintiff's] complaint […], without leave to amend, had the hallmarks of a final decision").  But what happens when a district court dismisses a complaint or all claims within

---

[3] Furthermore, Rule 4(a)(7)(A) accounts for the possibility that a district court may not enter a judgment in a separate document by providing two separate timelines from which an appeal can be taken.  In cases where Rule 58(a) requires a separate document to be entered, then the time to appeal is based on when "the earlier of these events occurs:  [1] the judgment or order is set forth on a separate document, or [2] 150 days have run from the entry of the judgment or order in the [] docket."  Fed. R. App. P. 4(a)(7)(A)(ii); *see also* Fed. R. Civ. P. 58.  Rule 4(a)(7)(B) then clarifies that "[a] failure to set forth a judgment or order on a separate document when required by Federal Rule of Civil Procedure 58(a) does not affect the validity of an appeal from that judgment or order."  Fed. R. App. P. 4(a)(7)(B).

[4] District courts regularly dismiss actions without prejudice on procedural grounds, for example, "[t]o avoid complicating any future actions with issues of collateral estoppel or claim preclusion."  *See De'Lonta v. Angelone*, 330 F.3d 630, 630 (4th Cir. 2003).

a complaint without prejudice yet remains silent as to the possibility of amendment?  In these cases, to determine whether an order is final, we have adopted a case-by-case methodology.

Our case-by-case methodology emerged from *Domino Sugar Corp. v. Sugar Workers Local Union 392*, 10 F.3d 1064 (4th Cir. 1994), where we concluded that dismissals without prejudice are not appealable "unless the grounds for dismissal clearly indicate that no amendment in the complaint could cure the defects in the plaintiff's case." *Id.* at 1067 (internal quotation marks and alteration omitted).  This approach tasks us with scrutinizing the district court's order and the proceedings below to discern whether the district court was truly finished with the case or whether there was more to do.

But there is a problem with the case-by-case approach:  It has sown confusion in our jurisdiction by pulling us in different directions.  On the one hand, in *Domino Sugar*, we tried to create a clear rule that could be applied consistently and predictably to subsequent cases.[5]  On the other hand, the flexibility inherent in a case-by-case method means that what suggests finality in one case can conflict with prior pronouncements on what serves as an indicium of finality.[6]  Such inconsistency can cost litigants their

---

[5] *Domino Sugar*, 10 F.3d at 1067 (concluding that dismissals without prejudice are not appealable "unless the grounds for dismissal clearly indicate that no amendment in the complaint could cure the defects in the plaintiff's case" (internal quotation marks and alteration omitted)).

[6] For example, in *Domino Sugar*, we noted the significance of dismissing a "case" or "action" without prejudice as opposed to dismissing a "complaint" without prejudice, stating that the latter order is generally not appealable.  10 F.3d at 1066; *see also Chao v. Rivendell Woods*, 415 F.3d 342, 345 (4th Cir. 2005) (relying on the same).  However, in *Goode v. Cent. Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619, 624 (4th Cir. 2015), we rejected the significance of the dismissal of the "case" as opposed to the "complaint" because that
(Continued)

10

opportunity to appeal; it certainly costs judges and lawyers far too much time, effort, and resources on untying jurisdictional knots.

Fortunately, an alternative to this case-by-case approach exists. The D.C. Circuit imposes a bright-line rule, explaining that "[t]hough it may be possible in some cases to discern an invitation to amend the complaint from clues in the district court's opinion, . . . anything less than an express invitation is not a clear enough signal to overcome the presumption of finality." *Attias v. Carefirst, Inc.*, 865 F.3d 620, 625 (D.C. Cir. 2017). The D.C. Circuit reasons that "[t]his approach balances the district court's position as master of its docket, [the appellate court's] supervisory authority, and the need for clarity in assessing the finality of an order." *Id.* (internal citations omitted). The Sixth Circuit has

---

language was paired with the phrase "without prejudice." *See Bing v. Brivo Sys., LLC*, 959 F.3d 605, 614–15 (4th Cir. 2020), *cert. denied*, 141 S. Ct. 1376 (2021) (comparing *Domino Sugar*, *Chao*, and *Goode*). In *In re GNC Corp.*, 789 F.3d 505 (4th Cir. 2015), we gave dispositive effect to the plaintiff's decision to stand on his complaint. *See id.* at 511 n.3 ("Dismissals without prejudice are generally not appealable final orders. But if, as here, a plaintiff declines the district court's offer to amend and chooses to stand on his or her complaint, the plaintiff waives the right to later amend unless we determine that the interests of justice require amendment. Because of Plaintiffs' waiver, we treat this case as if it had been dismissed with prejudice and therefore have jurisdiction over this appeal." (citations, internal quotation marks, and alteration omitted)). But in *Goode*, we refused to give weight to the plaintiff's decision to stand on his complaint because, unlike "in *Chao* [where the Court] considered the weighty assurances of the Secretary of Labor that the objectives of *Domino Sugar* and § 1291 would best be served by the Court's exercise of appellate jurisdiction in that case," no institutional interests of an executive-branch agency were at stake in *Goode*. 807 F.3d at 629; *see also Bing*, 959 F.3d at 615. And despite *Domino Sugar*'s emphasis on the case-by-case nature of determining the finality of a complaint dismissed without prejudice, see 10 F.3d at 1066, and *Chao*'s finding that a dismissal without prejudice for failure to state a claim was actually appealable under the facts of that case, 415 F.3d at 344, in *Goode*, we established what appears to be a bright-line rule that the dismissal of a complaint without prejudice, for failure to plead sufficient facts in the complaint, is not appealable "because the plaintiff could amend the complaint to cure the pleading deficiency." *Bing*, 959 F.3d at 613.

11

adopted a similar bright-line rule whereby a dismissal without prejudice is final in cases where the district court enters a final order and does not grant the plaintiff an opportunity to amend her complaint. *Robert N. Clemens Tr. v. Morgan Stanley DW, Inc.*, 485 F.3d 840, 845–46 (6th Cir. 2007).

Though our case-by-case approach was adopted with the aim of judicial efficiency and avoiding piecemeal appeals, *see Chao v. Rivendell Woods*, 415 F.3d 342, 345 (4th Cir. 2005) (citing *Domino Sugar Corp.*, 10 F.3d 1064), with the benefit of hindsight, we now realize that a more wholesale approach better fits our initial aim of fulfilling the important purposes of the final judgment rule. Accordingly, today, we adopt a better approach: We now hold that when a district court dismisses a complaint or all claims without providing leave to amend, we need not evaluate the grounds for dismissal or do anything more—the order dismissing the complaint is final and appealable. By requiring the district court to state whether a plaintiff has leave to amend and concluding that an order is final when a district court does not, we no longer speculate about what the district court meant when stating "without prejudice" or what the parties may do in the future. Any and all intent regarding finality *vel non* is communicated through the presence or lack of permission to amend the complaint, thereby illuminating a clear path to appellate review, and better aligning our jurisprudence with the purpose of the final judgment rule.

## IV.

We acknowledge that by adopting this new rule, we may create new sources of confusion. Yet, we believe that we have placed all questions regarding finality squarely in

the hands best equipped to solve them: the district court. Thus, when the district court believes a deficiency in a complaint can be cured, it should say so and grant leave to amend. When a district court does not intend to grant leave to amend, it should issue a separate document to accompany an order of dismissal intended to be a final judgment, in compliance with Rule 58.[7]

Even with such model clarity, however, we recognize that unwary litigants may find themselves entrapped by our new rule, particularly with regard to the running of the appeals clock. *See generally Douglas v. Union Carbide Corp.*, 311 F.2d 182, 185 (4th Cir. 1962) (explaining that the Federal Rules of Civil Procedure should not be used to set traps for unwary litigants). Such a "trap" may arise where a district court dismisses a complaint without prejudice and without giving leave to amend but a plaintiff would nonetheless like to amend her complaint. Under the rule we adopt today, such a dismissal is final and appealable, and the time to appeal begins to run upon "entry" of the judgment. *See* Fed. R. App. P. 4(a). Thus, a plaintiff may only amend her complaint by first filing a motion to reopen or to vacate the judgment under Rule 59 or Rule 60. *See Laber*, 438 F.3d at 427; Fed. R. Civ. P. 59; Fed. R. Civ. P. 60. Once a party timely files such a motion, the time to appeal will restart from "the entry of the order disposing of the last such remaining motion." Fed. R. App. P. 4(a)(4).

We also recognize that a second area of confusion may emerge concerning how and when a plaintiff may stand on her complaint. When a district court grants a plaintiff leave

---

[7] As relevant here, Rule 54 defines a "[j]udgment" as including "any order from which an appeal lies." Fed. R. Civ. P. 54(a).

to amend but she chooses not to do so, under our new rule, this decision would not be final and, thus, not appealable. A plaintiff who decides not to amend her complaint may still seek appellate review by electing to stand on her complaint. To do so, however, the plaintiff must waive her right to amend the complaint by requesting that the district court take further action to finalize its decision. *See Jung*, 356 U.S. at 337 (holding that the district court's separate order dismissing the cause of action without leave to amend—issued in response to the petitioners' filing indicating that they elected to stand on their complaint—constituted a final appealable judgment as opposed to its previous dismissal granting leave to amend which "did not constitute the final judgment"). Specifically, a plaintiff who wishes to stand on her complaint should request that the district court enter a final decision dismissing her case without leave to amend. *See* Fed. R. Civ. P. 59. Once the district court issues this new decision constituting a final judgment, the appeals clock will begin to run, and the plaintiff may appeal.[8] We note that by requiring the district court itself to confirm that its decision is final, this additional step not only helps verify that the plaintiff has knowingly waived her right to amend the complaint prior to filing for appeal,

---

[8] Some of our sister circuits also require a plaintiff who elects to stand on her complaint to obtain a separate final, and thus appealable, decision. *See, e.g.*, *Weston Family P'ship LLLP v. Twitter, Inc.*, 29 F.4th 611, 618–19 (9th Cir. 2022) (explaining that when leave to amend is granted, "[a] further district court determination must be obtained" for the decision to become appealable); *Sapp*, 825 F.3d at 935–36 (requiring that a separate final judgment be entered for a plaintiff to stand on her complaint); *Moya*, 465 F.3d at 451 & n.9 (explaining that an order granting leave to amend is not final and that a plaintiff who chooses to appeal without amending her complaint must first obtain a separate final judgment); *Richards v. Dunne*, 325 F.2d 155, 156 (1st Cir. 1963) (per curiam) (holding that a plaintiff may not appeal directly when given leave to amend but must obtain a separate and final order of dismissal).

but also eliminates uncertainty as to our jurisdiction under § 1291. *See Cohen*, 337 U.S. at 546 ("The purpose is to combine in one review all stages of the proceeding that effectively may be reviewed and corrected if and when final judgment results.").

An additional layer of confusion may arise regarding the interplay between leave to amend and the plaintiff's deadline to do so. In granting a plaintiff leave to amend her complaint, the district court may have: (1) provided the plaintiff with a specified number of days during which she could seek to amend; or (2) stated that the plaintiff could seek to amend but remained silent as to a deadline by which she was required to do so. A decision granting leave to amend, however, is not final. Therefore, we now clarify that a plaintiff in either instance must obtain an additional, final decision from the district court finalizing its judgment before she may appeal.[9] Accordingly, a district court may not attempt to

---

[9] Although some of our sister circuits have addressed the standing on one's complaint procedure in a similar fashion, others have adopted conflicting approaches. *Compare WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1135–37 (9th Cir. 1997) (en banc) (reaffirming its rule that when a plaintiff has been granted leave to amend, "[a] final judgment must be obtained before the case becomes appealable" as informed by the Supreme Court's decision in *Jung*); *Sapp*, 825 F.3d at 935–36 (declining to adopt an exception "to our rule that a party granted leave to amend her complaint must obtain a final judgment before appealing" as this "bright-line approach" ensures a final look and avoids uncertainty); *Moya*, 465 F.3d at 451 n.9 (explaining the plaintiff may stand on her complaint by informing the district court of her decision to do so and then obtaining a final judgment); and *Richards*, 325 F.2d at 156 (finding that the district court's dismissal of the plaintiffs' claim was not final because it allowed a specific time period to amend and no additional steps were taken other than filing for appeal); *with Weber v. McGrogan*, 939 F.3d 232, 237–40 (3d Cir. 2019) (explaining that a district court may issue a decision granting leave to amend and specify that it will "automatically produce a final order of dismissal when the time to amend runs out," or that a plaintiff may stand on her complaint by submitting an "unequivocal intent to decline amendment and immediately appeal"); *Schuurman v. Motor Vessel Betty K V*, 798 F.2d 442, 445 (11th Cir. 1986) (per curiam) (explaining that if a plaintiff does not amend in the time period allotted, then the district (Continued)

15

preemptively avoid issuing such a final decision by stating that the initial dismissal granting leave to amend will automatically become final at the expiration of the stated time period. *But see Weber v. McGrogan*, 939 F.3d 232, 237–40 (3d Cir. 2019) (finding that a decision is final if the district court issued a "self-effectuating" order allowing a plaintiff to amend by a certain date and specifying that it would "automatically produce a final order of dismissal when the time to amend runs out"). In the first instance—where the district court has indicated how much time the plaintiff has to amend her complaint—the district court shall issue a final order upon the expiration of that deadline. Alternatively, a plaintiff could also elect to stand on her complaint by waiving her right to amend and requesting, and obtaining, a finalized decision from the district court. *See Jung*, 356 U.S. at 337 (finding that a plaintiff who was granted twenty days to amend obtained a final, appealable decision when electing to stand on her complaint nearly two years later). While parties in the second instance—where the district court has not specified a date by which the plaintiff must amend her complaint—may question the status of their litigation in the interim, they are

---

court's dismissal becomes final upon the expiration of the stated period); *Otis v. City of Chicago*, 29 F.3d 1159, 1165–66 (7th Cir. 1994) (en banc) (finding that finality springs into existence when a deadline to amend expires and the plaintiff may appeal even if there is no separate judgment); *Amaker v. Annucci*, 721 F. App'x 82, 83 (2d Cir. 2018) ("The dismissal of a complaint with leave to amend is not ordinarily a final decision; however it may be considered final if the deadline to amend has passed.") (citing *Festa v. Loc. 3 Int'l Brotherhood of Elec. Workers*, 905 F.2d 35, 36–37 (2d Cir. 1990) (per curiam)); and *N. Am. Butterfly Ass'n v. Wolf*, 977 F.3d 1244, 1257 (D.C. Cir. 2020) (relying on different factors to support its narrow finding that the district court's decision granting leave to amend became final after the fourteen-day period to do so expired). We find that requiring that the district court finalize its own decision *before* the plaintiff may seek appellate review best ensures finality and falls squarely within Supreme Court precedent. *See Jung*, 356 U.S. at 336–38.

16

not without tools to seek clarity. Litigants on either side have the option of filing a motion requesting that the district court provide a specific deadline by which the plaintiff must amend her complaint. *See* Fed. R. Civ. P. 59. Additionally, and as previously stated, a plaintiff who wishes to stand on her complaint may do so by waiving her right to amend and requesting, and obtaining, a final order. While this may create an additional step for litigants seeking to appeal, we find that it is one that best and most clearly ensures finality. As the Supreme Court expressed in *Jung*, "[t]he undesirability of useless delays in litigation is more than offset by the hazards of confusion or misunderstanding as to the time for appeal." 356 U.S. at 766.

## V.

By now holding that an order dismissing a complaint without prejudice and without granting leave to amend is final, we anchor ourselves to precedent that "balances the district court's position as master of its docket, [this Court's] supervisory authority, [] the need for clarity in assessing the finality of an order," and—ultimately—judicial efficiency. *Attias*, 865 F.3d at 625. Our conclusion today means that this appeal is brought from a final, appealable order. Because we are with jurisdiction under 28 U.S.C. § 1291, a panel of this Court will consider the merits of Britt's claims.

*IT IS SO ORDERED.*

17