**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 22-6681**

DAVID LYDELL STEPHENS,

Petitioner - Appellant,

v.

STATE OF NORTH CAROLINA,

Respondent - Appellee.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, District Judge.  (5:20-hc-02207-BO)

Submitted:  November 17, 2022                    Decided:  November 23, 2022

Before KING, QUATTLEBAUM, and RUSHING, Circuit Judges.

Dismissed by unpublished per curiam opinion.

David Lydell Stephens, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Lydell Stephens seeks to appeal the district court's order dismissing without prejudice his 28 U.S.C. § 2254 petition for failure to exhaust state court remedies.[1]  We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

In civil cases, parties have 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6).  "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its order on March 3, 2021.  Stephens filed the notice of appeal on June 6, 2022.[2]  Because Stephens failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[1] Although the district court dismissed Stephens' petition without prejudice, we conclude that the order is final and appealable. *See Britt v. DeJoy*, 45 F.4th 790, 796 (4th Cir. 2022) (en banc) (order).

[2] For the purpose of this appeal, we assume that the date appearing on Stephens' notice of appeal is the earliest date Stephens could have delivered the notice to prison officials for mailing to the court. Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).