**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-1896

KAYSAN JOHNSON, a/k/a Kaysan Johnson-Owens,

Plaintiff - Appellant,

v.

FIRST HORIZON HOME LOAN CORPORATION; FIRST HORIZON ASSET
SECURITIES, INC., a/k/a First Horizon National Corporation, a/k/a First Horizon
Home Loan Corporation, A subsidiary of First Horizon Corporation; THE BANK
OF NEW YORK, as Trustee for Securitized Trust: First Horizon Alternative
Mortgage Securities; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS,
INC., (MERS),

Defendants - Appellees.

Appeal from the United States District Court for the District of Maryland, at Baltimore.
Julie R. Rubin, District Judge.  (1:22-cv-01715-JRR)

Submitted:  April 20, 2023                          Decided:  April 24, 2023

Before KING and QUATTLEBAUM, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Kaysan Johnson, Appellant Pro Se.  Erin Elizabeth Edwards, Chicago, Illinois, Mary
Zinsner, TROUTMAN PEPPER HAMILTON SANDERS, LLP, Washington, D.C.;
Melissa O. Martinez, MCGUIREWOODS, LLP, Baltimore, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kaysan Johnson appeals the district court's order dismissing without prejudice her removed civil action for failure to state a claim.[*] *See* Fed. R. Civ. P. 12(b)(6). We have reviewed the record and discern no reversible error. *See Fairfax v. CBS Corp.*, 2 F.4th 286, 291-92 (4th Cir. 2021) (providing standard of review and discussing plaintiff's pleading burden). Accordingly, we affirm the district court's order. *Johnson v. First Horizon Home Loan Corp.*, No. 1:22-cv-01715-JRR (D. Md. Aug. 18, 2022). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] The district court's dismissal without prejudice is a final, appealable order because the district court dismissed the complaint "without granting leave to amend." *Britt v. DeJoy*, 45 F.4th 790, 791, 798 (4th Cir. 2022) (en banc) (published order).

2