**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-7096

ALBERT MARQUAVIOUS LAMAR ANDERSON,

Plaintiff - Appellant,

v.

GOODSUM, Individual and Official Capacity; PRICE, Individual and Official Capacity; DOUG NEWTON, Individual and Official Capacity; TODD ISHEE, Individual and Official Capacity; YANCY JOHNSON, Individual and Official Capacity; SMITH, Individual and Official Capacity; JONES, Individual and Official Capacity; FLANDERS, Individual and Official Capacity; TAMMY MILIGAN, Individual and Official Capacity; EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Official Capacity,

Defendants - Appellees.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Max O. Cogburn, Jr., District Judge.  (1:23-cv-00108-MOC)

Submitted:  September 30, 2024                    Decided:  October 4, 2024

Before NIEMEYER and KING, Circuit Judges, and KEENAN, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Albert Anderson, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Albert Marquavious Lamar Anderson seeks to appeal the district court's order dismissing his 42 U.S.C. § 1983 complaint without prejudice and providing him 30 days to file an amended complaint. We dismiss the appeal for lack of jurisdiction.

Although the parties do not question our jurisdiction, we "have an independent obligation to verify the existence of appellate jurisdiction." *Williamson v. Stirling*, 912 F.3d 154, 168 (4th Cir. 2018) (internal quotation marks omitted). We may exercise jurisdiction only over final orders, 28 U.S.C. § 1291, and certain interlocutory and collateral orders, 28 U.S.C. § 1292; Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-46 (1949).

When a district court dismisses a complaint without prejudice and without leave to amend, the order dismissing the complaint is final and appealable. *Britt v. DeJoy*, 45 F.4th 790, 796 (4th Cir. 2022) (en banc). On the other hand, when a district court dismisses a complaint without prejudice but with leave to amend, that order "is not a final decision because it means that the district court is not finished with the case." *Id.* at 793. Such an order is nonfinal even if the plaintiff declines to amend the complaint unless the plaintiff "request[s] that the district court enter a final decision dismissing [the] case without leave to amend" and the district court does so. *Id.* at 797.

The same rule applies when the district court establishes a deadline to file an amended complaint and that deadline passes without the filing of an amended complaint. *Id.* at 797-98. In that situation, the district court should "issue a final order upon the expiration of th[e] deadline." *Id.* at 798. Or the plaintiff can "elect to stand on h[is]

2

complaint by waiving h[is] right to amend and requesting, and obtaining, a finalized decision from the district court." *Id.* At bottom, the plaintiff may appeal in that situation only if the district court has entered an order that ends the proceedings before it.

Here, the district court's order dismissed Anderson's complaint without prejudice and provided him 30 days to file an amended complaint. Anderson did not file an amended complaint. Nor did he waive his right to amend and ask the district court to issue a final order so that he could appeal. Moreover, despite the expiration of the 30-day period, the district court never entered an order terminating the proceedings before it. The order that Anderson seeks to appeal is thus nonfinal and not appealable.

Accordingly, we dismiss the appeal for lack of jurisdiction. We deny Anderson's "Motion for Restraining Order Injunction Relief." We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*