**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 23-1693**

DEREK N. JARVIS,

Plaintiff - Appellant,

v.

DISTRICT TACO, LLC,

Defendant - Appellee.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Deborah K. Chasanow, Senior District Judge.  (8:23-cv-01029-DKC)

Submitted:  September 4, 2024                    Decided:  October 8, 2024

Before HEYTENS and BERNER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Derek N. Jarvis, Appellant Pro Se.  Eric Matthew Rigatuso, ECCLESTON & WOLF, PC, Hanover, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Derek N. Jarvis seeks to appeal the district court's order denying his motion to remand, dismissing his complaint with prejudice in part and without prejudice in part, and providing him 21 days to file an amended complaint. We dismiss the appeal for lack of jurisdiction.

Although the parties do not question our jurisdiction, we "have an independent obligation to verify the existence of appellate jurisdiction." *Williamson v. Stirling*, 912 F.3d 154, 168 (4th Cir. 2018) (quotation marks removed). We may exercise jurisdiction only over final orders, 28 U.S.C. § 1291, and certain interlocutory and collateral orders, 28 U.S.C. § 1292; Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546-47 (1949).

An order dismissing a complaint without prejudice in full or in part is sometimes final and appealable. That is, when a district court dismisses a complaint without leave to amend, the order dismissing the complaint is final and appealable. *Britt v. DeJoy*, 45 F.4th 790, 796 (4th Cir. 2022) (en banc). On the other hand, when a district court dismisses a complaint with leave to amend, that order "is not a final decision because it means that the district court is not finished with the case." *Id.* at 793. And such an order is nonfinal even if the plaintiff declines to amend the complaint unless the plaintiff "request[s] that the district court enter a final decision dismissing [the] case without leave to amend" and the district court does so. *Id.* at 797.

The same rule applies when the district court establishes a deadline to file an amended complaint and the plaintiff does not file before the deadline. *Id.* at 797. In that

2

situation, the district court should "issue a final order upon the expiration of th[e] deadline." *Id.* at 798. Or the plaintiff can "elect to stand on her complaint by waiving her right to amend and requesting, and obtaining, a finalized decision from the district court." *Id.* At bottom, the plaintiff must obtain an order that ends the proceedings before the district court before appealing.

Here, the district court denied Jarvis's motion to remand, dismissed his complaint with prejudice in part and without prejudice in part, and provided him 21 days to file an amended complaint. But Jarvis did not file an amended complaint. Nor did Jarvis ask the district court to issue a final order so that he could appeal. Moreover, despite the expiration of the 21-day period, the district court never entered an order terminating the proceedings before it. The order dismissing Jarvis's complaint with leave to amend is thus nonfinal and not appealable.

Additionally, "an order denying a motion to remand, standing alone, is . . . not final and immediately appealable." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 74 (1996) (quotation marks and alterations removed). Thus, the district court's order denying Jarvis's motion to remand is likewise nonfinal and not appealable.

Accordingly, we dismiss the appeal for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*