**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 23-7069**

─────────────

DARREL R. FISHER,

        Petitioner - Appellant,

    v.

UNKNOWN,

        Respondent - Appellee.

─────────────

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  M. Hannah Lauck, District Judge.  (3:23-cv-00470-MHL-MRC)

─────────────

Submitted:  November 19, 2024           Decided:  December 17, 2024

─────────────

Before GREGORY, THACKER, and BERNER, Circuit Judges.

─────────────

Vacated and remanded by unpublished per curiam opinion.

─────────────

Darrel R. Fisher, Appellant Pro Se.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Darrel R. Fisher is civilly committed at Federal Medical Center ("FMC") Butner pursuant to 18 U.S.C. § 4246. Fisher filed a 28 U.S.C. § 2241 petition in the Eastern District of Virginia challenging his civil commitment. The magistrate judge issued an order directing Fisher to show cause why the action should not be dismissed for lack of jurisdiction, explaining that Fisher must name his warden as respondent and seek habeas relief under § 2241 in the Eastern District of North Carolina, where he is confined. Fisher filed a response stating that the warden is the respondent and contending that he was seeking habeas relief in a different jurisdiction because the Eastern District of North Carolina is corrupt. Finding that Fisher's response failed to establish grounds to permit the court to consider his § 2241 petition, the district court dismissed the action without prejudice for lack of subject matter jurisdiction.[*] Fisher timely appeals. For the reasons that follow, we vacate the district court's dismissal order and remand for further proceedings.

Section 2241(a) provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). "A habeas petitioner who is physically confined must name [his] 'immediate custodian' as the habeas respondent, and must file the habeas petition in the 'district of confinement,'" that is, "the location of both the habeas

_____

[*] The district court's dismissal without prejudice is a final order because the court dismissed the petition without granting leave to amend, expressly stating that it was a final, appealable order. *See Britt v. DeJoy*, 45 F.4th 790, 791 (4th Cir. 2022) (en banc) (order).

petitioner and the immediate custodian." *Kanai v. McHugh*, 638 F.3d 251, 255 (4th Cir. 2011).

The Supreme Court has interpreted the phrase "within their respective jurisdictions" in § 2241(a) as "requir[ing] nothing more than that the court issuing the writ have jurisdiction over the custodian." *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) (internal quotation marks omitted). The Supreme Court clarified that jurisdiction within the meaning of § 2241(a) does not refer to the subject matter jurisdiction of the district court. *Id.* at 434 n.7. Rather, "the question of the proper location for a habeas petition is best understood as a question of personal jurisdiction or venue." *Id.* at 451 (Kennedy, J., concurring). "Thus, although the decision in *Padilla* did not resolve the precise nature of the restriction that the language of § 2241(a) places on the filing of habeas petitions, a majority of the Supreme Court plainly rejected a subject-matter jurisdiction analysis in that case." *Kanai*, 638 F.3d at 257. Accordingly, dismissal of Fisher's § 2241 petition for lack of subject matter jurisdiction was erroneous.

For these reasons, we vacate the district court's order and remand the case to the district court for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

3