**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-6480

CLINTON D. JOHNSON, JR., a/k/a Clinton D. Johnson, a/k/a Clinton Douglas Johnson, Jr., a/k/a Kayzon Ru,

Plaintiff - Appellant,

v.

OFFICER B. R. DANCELON; BLAKE A. NORTON; SHAWN D. CHASTIN; ELI ELIJAH HEWELL; KIM RUTZ; KIM DUBOSE; SOUTHERN HEALTHCARE PARTNERS; HENRY MCMASTER; CAPTAIN JEREMY CHAPMAN; BRIAN DANIELSON; MIKE CRENSHAW; WAYNE OWENS; MPD COLLINS; DEPUTY HAILEY; BETHANY BLUNDY; DAVID R. WAGNER; STEVEN GILLIARD,

Defendants - Appellees.

Appeal from the United States District Court for the District of South Carolina, at Orangeburg.  Sherri A. Lydon, District Judge.  (5:22-cv-01547-SAL)

Submitted:  June 10, 2025                    Decided:  June 23, 2025

Before WYNN and HEYTENS, Circuit Judges, and FLOYD, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Steven J. Alagna, WASHINGTON UNIVERSITY SCHOOL OF LAW, St. Louis, Missouri, for Appellant.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Clinton D. Johnson, Jr., appeals the district court's order adopting the magistrate judge's recommendation and dismissing without prejudice his pro se amended complaint.[1] Because the district court did not apply the proper standard in reviewing the magistrate judge's recommendation, we vacate and remand for further proceedings.

"The Federal Magistrates Act only requires district courts to 'make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" *Osmon v. United States*, 66 F.4th 144, 146 (4th Cir. 2023) (quoting 28 U.S.C. § 636(b)(1)). "[A] party wishing to avail itself of its right to de novo review" under the Federal Magistrates Act must make an objection that is "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *Id.* (internal quotation marks omitted). Stated differently, "a party must object . . . with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (internal quotation marks omitted). "The specificity required for an objection is a modest bar." *United States ex re. Wheeler v. Acadia Healthcare Co.*, 127 F.4th 472, 486 (4th Cir. 2025) (internal quotation marks omitted).

---

[1] We previously remanded this case to the district court for a determination of whether Johnson was entitled to a reopening of the appeal period. On remand, the district court reopened the appeal period, and Johnson timely filed a new notice of appeal. We have jurisdiction to hear this appeal. *See Britt v. DeJoy*, 45 F.4th 790, 791 (4th Cir. 2022) (en banc) (order).

2

Important here, "objections need not be novel to be sufficiently specific." *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (footnote omitted); *see Osmon*, 66 F.4th at 146 ("[A] party need not frame its arguments anew when it objects."). Consequently, an objection that simply restates the litigant's claims triggers de novo review "because it alert[s] the district court that the litigant believed the magistrate judge erred in recommending dismissal of those claims." *Elijah*, 66 F.4th at 460 (alteration and internal quotation marks omitted). When a district court fails to apply the proper standard of review to a magistrate judge's recommendation, a remand is warranted. *United States v. De Leon-Ramirez*, 925 F.3d 177, 181 (4th Cir. 2019).

In these proceedings, Johnson filed a pro se amended complaint under 42 U.S.C. § 1983, alleging that the defendants contravened his First and Fourteenth Amendment rights while he was incarcerated as a pretrial detainee. More specifically, Johnson alleged that the defendants violated his right to the free exercise of his religion under the First Amendment and placed him in conditions of confinement that amounted to punishment in violation of the Fourteenth Amendment. The magistrate judge determined that the amended complaint lacked merit and recommended dismissing it without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). Johnson opposed that recommendation and filed more than 100 pages of objections. The district court deemed Johnson's objections insufficient to trigger de novo review and assessed the magistrate judge's recommendation for clear error only. Discerning no clear error, the district court adopted the recommendation and dismissed without prejudice Johnson's amended complaint.

3

Having reviewed the record, we are satisfied that Johnson's objections were sufficient to warrant de novo review, especially considering Johnson's pro se status. *See Elijah*, 66 F.4th at 461 ("[W]e review the sufficiency of a litigant's objection de novo."); *id.* at 460-61 ("[W]hen reviewing pro se objections to a magistrate[ judge's] recommendation, district courts must review de novo any articulated grounds to which the litigant appears to take issue. Such a requirement advances district courts' obligation to liberally construe pro se objections while maintaining constitutional limitations on a magistrate[ judge's] authority." (citation and internal quotation marks omitted)). Notably, some of Johnson's objections reiterated his allegations related to his First and Fourteenth Amendment claims. *See Johnson v. Dancelon*, No. 5:22-cv-01547-SAL (D.S.C., PACER Nos. 35 at 7; 36 at 22; 39 at 16, 20, 30, 32-33). We thus conclude that the district court was obliged to review de novo the magistrate judge's recommendation to dismiss Johnson's free exercise and conditions of confinement claims.[2]

Accordingly, we vacate the district court's order and remand for the district court to apply the proper standard of review to the magistrate judge's recommendation. We express no opinion on the ultimate merits of Johnson's objections. We dispense with oral argument

---

[2] We observe that the magistrate judge seemingly applied the wrong legal standard in assessing Johnson's Fourteenth Amendment conditions of confinement claim. *See Short v. Hartman*, 87 F.4th 593, 606 (4th Cir. 2023) (describing difference between Fourteenth Amendment and Eighth Amendment conditions of confinement claims), *cert. denied*, 144 S. Ct. 2631 (2024). The magistrate judge's analysis of that claim also did not fully consider Johnson's allegations in the amended complaint that he was confined to a cell with an overflowing toilet for 10 days, causing him to become sick. We are confident that the district court's de novo review on remand will correct these apparent errors.

4

because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*