**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 24-1066**

─────────────

WILLIAM DAVID JONES,

Plaintiff - Appellant,

v.

JOHN C. PHELAN, Secretary of the Navy,

Defendant - Appellee.

─────────────

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  David J. Novak, District Judge.  (3:23-cv-00514-DJN)

─────────────

Submitted:  August 25, 2025                    Decided:  December 10, 2025

─────────────

Before WILKINSON and BENJAMIN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

William David Jones, Appellant Pro Se.  Jonathan Holland Hambrick, Assistant United States Attorney, Elizabeth Wu, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William David Jones appeals the district court's order awarding partial summary judgment to the Secretary of the Navy, affirming the final decision of the Merit Systems Protection Board, and dismissing without prejudice Jones's retaliation claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17.[*] Limiting our review of the record to the issues raised in Jones's informal brief, we discern no reversible error. *See* 4th Cir. R. 34(b); *Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014) ("The informal brief is an important document; under Fourth Circuit rules, our review is limited to issues preserved in that brief."). Accordingly, we deny Jones's motion to introduce new evidence and for a hearing (ECF No. 10), and his motion for a default judgment (ECF No. 11), and we affirm the district court's order. *Jones v. Del Toro*, No. 3:23-cv-00514-DJN (E.D. Va., Dec. 22, 2023). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] Although Jones prematurely filed his notice of appeal, *see Britt v. DeJoy*, 45 F.4th 790, 793 (4th Cir. 2022) (en banc), we conclude that we have appellate jurisdiction under the doctrine of cumulative finality, *see Houck v. LifeStore Bank*, 41 F.4th 266, 271 (4th Cir. 2022).

2