**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 25-6464

RANDY LEE LASSITER, JR.,

Plaintiff - Appellant,

v.

CORRECTIONAL OFFICER BLEVINS; NURSE CRYSTAL GILLEY, "Pill Call Nurse"; LIEUTENANT COLEMAN; CORRECTIONAL OFFICER MCCRACKEN; NURSE LISA SCALF; UNIT MANAGER BOYD; UNIT MANAGER SANTOS; LIEUTENANT PAULY; SERGEANT LEWIS; CORRECTIONAL OFFICER DAUGHERTY; CORRECTIONAL OFFICER MCKENZIE; CORRECTIONAL OFFICER WELLS; CORRECTIONAL OFFICER WITT; CORRECTIONAL OFFICER TAYLOR; NURSE DAVIS; SERGEANT SEXTON; SERGEANT MCCRAY; CORRECTIONAL OFFICER WHITE; CORRECTIONAL OFFICER COMMER; SERGEANT BOWEN, Correctional Officer; CAPTAIN MCCRAY; LIEUTENANT FERGUSON; SERGEANT FIELDS; OFFICER YOUNG; SERGEANT COPE; CHURCH, Classification-Administration; JEFFERY ARTRIP, Warden; JOSEPH WALTERS, Director of Department of Corrections; NURSE TOWNSEND; DR. HAPPY SMITH; DR. MULLINS; CORRECTIONAL OFFICER HUFF; CORRECTIONAL OFFICER SMITH; CORRECTIONAL OFFICER GILES; CORRECTIONAL OFFICER HACKER; CORRECTIONAL OFFICER BROVLES; JAMES BLEVINS, Assistant Warden; CORRECTIONAL OFFICER STARCHER; CORRECTIONAL OFFICER DENVER; CORRECTIONAL OFFICER TRAITOR; KINZER, Chief of Housing; UNIT MANAGER SMITH; COUNSELOR SAUDERS,

Defendants - Appellees.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Robert S. Ballou, District Judge.  (7:23-cv-00650-RSB-PMS)

2

Submitted:  March 12, 2026                              Decided:  March 17, 2026

---

Before WILKINSON and KING, Circuit Judges, and KEENAN, Senior Circuit Judge.

---

Remanded by unpublished per curiam opinion.

---

Randy Lee Lassiter, Jr., Appellant Pro Se.   Nathan Henry Schnetzler, FRITH, ANDERSON & PEAKE, PC, Roanoke, Virginia, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Randy Lee Lassiter, Jr., seeks to appeal the district court's order dismissing his 42 U.S.C. § 1983 complaint with prejudice in part and without prejudice in part.[1]  In civil cases, parties have 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6).  "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its order on November 19, 2024, so the appeal period expired on December 19, 2024.  On January 21, 2025, Lassiter mailed a letter explaining, among other things, that he had just been released from three months of "mental health precautions" and that prison officials had confiscated his legal materials.  (E.R. 434).[2]  On March 3, 2025, Lassiter mailed another letter in which he expressed a desire to amend the judgment under Fed. R. Civ. P. 59(e) or reopen it under Fed. R. Civ. P. 60(b) or "appeal if needed."  (E.R. 443).  The district court construed the January 21 letter as a motion for an extension of time in which to move for reconsideration and the March 3 letter as a Rule

---

[1] The order is final and appealable because the court did not grant Lassiter leave to amend his complaint.  *See Britt v. DeJoy*, 45 F.4th 790, 796 (4th Cir. 2022) (en banc) (order).

[2] "E.R." refers to the electronic record filed in this appeal.

3

60(b) motion. The district court denied both motions on April 30, 2025. Lassiter filed his notice of appeal on May 27, 2025.[3]

The notice of appeal is timely as to the denial of Lassiter's Rule 60(b) motion but untimely as to the dismissal order. However, we construe Lassiter's January 21 and March 3 letters collectively as a motion to reopen the appeal period under Rule 4(a)(6). Lassiter mailed the letters within 180 days of the entry of the dismissal order; he suggested that he did not receive timely notice of the order; and he expressed a desire to appeal. Having construed the January 21 and March 3 letters collectively as a motion to reopen, we remand to the district court for the limited purpose of determining whether Lassiter is entitled to a reopening of the appeal period. The record, as supplemented, will then be returned to this court for further consideration.

*REMANDED*

---

[3] For the purpose of this appeal, we assume that the postmark date appearing on the envelope containing the notice of appeal is the earliest date Lassiter could have delivered the notice to prison officials for mailing to the court. Fed. R. App. P. 4(c)(1)(A)(ii); *Houston v. Lack*, 487 U.S. 266, 276 (1988).