**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 25-7061**

———————

KIPPIE WALKER,

        Plaintiff - Appellant,

    v.

K. BOWLES, Warden – Sussex I Prison; THOMAS MEYER, Western Regional Admin.,

        Defendants - Appellees.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  M. Hannah Lauck, Chief District Judge.  (3:25-cv-00610-MHL-MRC)

———————

Submitted:  March 26, 2026                          Decided:  March 31, 2026

———————

Before RICHARDSON and BERNER, Circuit Judges, and FLOYD, Senior Circuit Judge.

———————

Dismissed by unpublished per curiam opinion.

———————

Kippie Walker, Appellant Pro Se.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kippie Walker seeks to appeal the district court's order dismissing his 42 U.S.C. § 1983 complaint without prejudice for failure to comply with the court's order directing him to pay the initial partial filing fee or attest that he could not pay such a fee.[1] We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

In civil cases, parties have 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its order on October 27, 2025, so the appeal period expired on November 26, 2025. Walker filed his notice of appeal on December 2, 2025.[2] Because Walker failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal.

---

[1] The order is final and appealable because the district court did not grant Walker leave to amend his complaint. *See Britt v. DeJoy*, 45 F.4th 790, 796 (4th Cir. 2022) (en banc) (order).

[2] For the purpose of this appeal, we assume that the date appearing on the envelope containing the notice of appeal is the earliest date Walker could have delivered the notice to prison officials for mailing to the court. Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*