**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 25-2241**

_____

HERMAN L. GLADNEY,

        Plaintiff - Appellant,

    v.

PATRICIO ENTERPRISES,

        Defendant - Appellee.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Patricia Tolliver Giles, District Judge. (1:24-cv-02072-PTG-LRV)

_____

Submitted: May 21, 2026                         Decided: May 26, 2026

_____

Before AGEE and THACKER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

Herman L. Gladney, Appellant Pro Se. Lauren Fisher White, CHRISTIAN & BARTON, LLP, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Herman L. Gladney seeks to appeal the district court's order granting Defendant's Fed. R. Civ. P. 12(b)(6) motion to dismiss Gladney's civil claims, brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17; the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 to 634; and the American with Disabilities Act, 42 U.S.C. §§ 12101 to 12213. The district court dismissed Gladney's complaint without prejudice and with leave to amend. Defendant has filed a motion to dismiss on the ground that Gladney's appeal is interlocutory.

This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291, and certain interlocutory and collateral orders, 28 U.S.C. § 1292; Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-46 (1949). When a district court dismisses a complaint with leave to amend, that order "is not a final decision because it means that the district court is not finished with the case." *See Britt v. DeJoy*, 45 F.4th 790, 793 (4th Cir. 2022) (en banc). And such an order is nonfinal even if the plaintiff declines to amend the complaint unless the plaintiff "request[s] that the district court enter a final decision dismissing [the] case without leave to amend" and the district court does so. *Id.* at 797.

The same rule applies when, as here, the district court establishes a deadline to file an amended complaint and the plaintiff does not file before the deadline. *Id.* In that situation, the district court should "issue a final order upon the expiration of th[e] deadline." *Id.* at 798. Or the plaintiff can "elect to stand on her complaint by waiving her right to amend and requesting, and obtaining, a finalized decision from the district court." *Id.* At

2

bottom, the plaintiff must obtain an order that ends the district court proceedings before appealing.

The district court here afforded Gladney 21 days to amend his complaint, but Gladney instead filed his notice of appeal on the 21st day.  The district court did not enter a final order.  We thus conclude that the order Gladney seeks to appeal is neither a final order nor an appealable interlocutory or collateral order.

Accordingly, we grant Defendant's motion and dismiss this appeal for lack of jurisdiction.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*