**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 06-6475

_____

JAMES AARON HAYES,

Plaintiff - Appellant,

versus

JEFFREY STANLEY; NORA HUNT; DELANEY GODWIN;
CORRECTIONAL OFFICER SCHOOLCRAFT; THEODIS
BECK,

Defendants - Appellees.

_____

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh. Louise W. Flanagan, Chief
District Judge. (5:03-ct-00759-FL)

_____

Submitted: September 27, 2006      Decided: October 31, 2006

_____

Before WILKINSON and TRAXLER, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

James Aaron Hayes, Appellant Pro Se.  James Philip Allen, NORTH
CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Carolina, for
Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

James Aaron Hayes filed a complaint pursuant to 42 U.S.C. § 1983 (2000), against several officials ("Defendants") of the North Carolina Department of Corrections. The district court granted summary judgment in Defendants' favor, denying Hayes' access to courts claim on the merits. The court also dismissed without prejudice the remaining claims on the ground that Hayes failed to exhaust administrative remedies.[1] Hayes appeals, and we affirm.

Hayes contends on appeal that the district court erred by denying relief on his access to courts claim because he was denied writing paper when he faced a January 6, 2003 filing deadline and because he was unable to perfect his appeal in Hayes v. Corpening, No. 1:99-cv-00232 (W.D.N.C. Sept. 16, 2003) (unpublished). We have carefully considered Hayes' claim and are convinced that the district court properly denied relief.[2] See Lewis v. Casey, 518

---

[1]Generally, dismissals without prejudice are interlocutory and not appealable. Domino Sugar Corp. v. Sugar Workers Local Union 392, 10 F.3d 1064, 1066 (4th Cir. 1993). However, a dismissal without prejudice could be final if no amendment to the complaint would cure the defect in the plaintiff's case. Id. at 1066-67. We conclude that the defect in this case (the failure to exhaust administrative remedies) can only be cured by something more than an amendment to the complaint and that the order is therefore appealable.

[2]We note that the district court did not specifically address Hayes' claim that he was unable to perfect an appeal in that pending litigation. Any error is harmless in light of the fact that Hayes did not exhaust his claim.

U.S. 343, 351-56 (1996) (requiring inmate to show an actual injury, such as establishing that defendants caused an actionable claim to be lost or prevented plaintiff from filing a claim); <u>Strickler v. Waters</u>, 989 F.2d 1375, 1383-84 (4th Cir. 1993) (holding that, to establish claim of denial of access to courts, prisoner must allege actual injury or specific harm resulting from denial).

Hayes also claims on appeal that the district court erred in finding that his remaining claims were unexhausted. We have reviewed the record and find no reversible error in the dismissal of these claims for failure to exhaust administrative remedies. Accordingly, we affirm this portion of the district court's order for the reasons stated by the district court. <u>Hayes v. Stanley</u>, No. 5:03-ct-00759-FL (E.D.N.C. Feb. 2, 2006). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>