**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-7195**

CHARLIE L. HARDIN,

        Plaintiff – Appellant,

   v.

OFFICER JAMES HUNT; LINDA YORK; CRAIG KENNEDY; MICHAEL WARD,

        Defendants – Appellees.

------------------------------

AMERICAN CIVIL LIBERTIES UNION; AMERICAN CIVIL LIBERTIES UNION OF NORTH CAROLINA; AMERICAN CIVIL LIBERTIES UNION OF VIRGINIA FOUNDATION; NORTH CAROLINA PRISONER LEGAL SERVICES, INCORPORATED,

        Amici Supporting Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, District Judge.  (5:20-ct-03122-BO)

Submitted:  April 12, 2023                             Decided:  June 13, 2023

Before WILKINSON, AGEE, and HEYTENS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

2

**ON BRIEF:** Easha Anand, San Francisco, California, Rosalind Dillon, Chicago, Illinois, Katherine Cion, Christina N. Davis, RODERICK & SOLANGE MACARTHUR JUSTICE CENTER, Washington, D.C., for Appellant. Stephanie A. Brennan, Special Deputy Attorney General, Bettina Roberts, Assistant Attorney General, NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Carolina, for Appellees. Eugene Gelernter, Ian D. Eppler, PATTERSON BELKNAP WEBB & TYLER LLP, New York, New York, for Amici Curiae.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

State inmate Charlie Hardin appeals the district court's dismissal of his pro se action for failure to exhaust his administrative remedies before filing suit, as required by the Prison Litigation Reform Act of 1995 ("PLRA"). We affirm.

I.

In March 2020, Hardin filed a pro se 42 U.S.C. § 1983 action alleging various constitutional claims against several named and unnamed prison officials at Tabor Correctional Institution in North Carolina. The claims generally stemmed from an alleged altercation between Hardin and other inmates for which Hardin says prison officials unjustly punished him. There is no dispute that Hardin had not fully exhausted his administrative remedies as to any claim before filing his complaint in federal court.

Several months later, Hardin filed an amended complaint with leave of the court. The amended complaint named new defendants, but, as Hardin acknowledges in his opening brief, all the claims "centered on the same underlying sequence of events" alleged in the initial complaint. Opening Br. 2; *accord id.* at 8 (stating that the claims in the amended and initial complaints were "based on the same underlying events"). By the time Hardin filed his amended complaint, he had fully exhausted his administrative remedies as to at least some of his claims.

The district court sua sponte conducted a frivolity review of the amended complaint under 28 U.S.C. § 1915 and dismissed all claims except the Eighth Amendment-based

3

§ 1983 claims against the four named defendant prison officials in this appeal: James Hunt, Linda York, Craig Kennedy, and Michael Ward (collectively, the "Prison Officials").

The Prison Officials moved to dismiss the remaining claims for failure to exhaust under the PLRA. In their motion, the Prison Officials stressed that, although some of Hardin's administrative grievances had been fully exhausted when the amended complaint was filed, none of those grievances had been fully exhausted when the *original* complaint was filed. Maintaining that the PLRA doesn't permit exhaustion of remedies during the pendency of litigation, they posited that Hardin's entire action was subject to dismissal.

Treating the motion as one for summary judgment, *see* Fed. R. Civ. P. 12(d), the district court agreed with the Prison Officials, entered judgment in their favor, and dismissed the action without prejudice.

Hardin timely appealed. We have jurisdiction under 28 U.S.C. § 1291. *See Britt v. DeJoy*, 45 F.4th 790, 796 (4th Cir. 2022) (en banc) (holding that a without-prejudice dismissal of all claims constitutes a final and appealable order when, as here, the district court does not provide leave to amend).[1]

---

[1] The Prison Officials also tell us this case should be dismissed as moot because Hardin has filed a parallel action in the same district court, which is currently stayed pending this appeal. Because "we may consider certain threshold issues, like exhaustion of remedies, before considering Article III jurisdictional issues" like mootness, *K.I. v. Durham Pub. Schs. Bd. of Educ.*, 54 F.4th 779, 788 n.3 (4th Cir. 2022), we need not reach the mootness question presented here.

II.

We review de novo the district court's award of summary judgment. *Moss v. Harwood*, 19 F.4th 614, 621 (4th Cir. 2021). Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

III.

Under the PLRA, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). As the Supreme Court has explained, "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007); *see also Williams v. Carvajal*, 63 F.4th 279, 285 (4th Cir. 2023) ("This exhaustion requirement means what it says[.]"). And no combination of "special circumstances" can excuse a prisoner's failure to exhaust. *Ross v. Blake*, 578 U.S. 632, 639 (2016).

Despite this clear rule and Hardin's undisputed failure to comply with it before filing suit, Hardin nonetheless contends that his action should be allowed to proceed because he fully exhausted his administrative remedies as to at least some of his claims before filing his *amended* complaint. Pointing to *Jones,* Hardin says that the PLRA's exhaustion requirement operates on a claim-by-claim basis. *See* 549 U.S. at 219–224 (concluding that the PLRA's exhaustion requirement's "no *action* shall be brought" phrasing does not

5

require dismissal of an entire action on account of unexhausted claims when other claims have been properly exhausted (emphasis added)). And because each of the Prison Officials was named for the first time in the amended complaint, he argues that the claims against them are "new" and thus were not "brought" until after he fully exhausted his administrative remedies. Opening Br. 14. Alternatively, Hardin argues that Federal Rule of Civil Procedure 15 allows a PLRA plaintiff to cure an "exhaustion defect" by filing an amended complaint once exhaustion is complete. Opening Br. 19. We are not persuaded by either argument.

Regardless of whether he named "new" defendants in the amended complaint, Hardin has conceded on appeal that all the claims in the amended complaint are "based on the same underlying events" as the (then-unexhausted) claims in the original complaint. Opening Br. 8. For purposes of the PLRA, that concession is fatal to Hardin's suit.

As the Supreme Court explained in *Jones*, a central purpose of the PLRA's exhaustion requirement is to "allow[] *a prison* to address complaints about the program it administers before being subjected to suit," not to "promote early notice to those [particular prison officials] who might later be sued." 549 U.S. at 219 (emphasis added); *see id.* at 217–19 (rejecting the Sixth Circuit's atextual procedural rule that a prisoner must have specifically identified in his administrative grievance each defendant later sued to satisfy the PLRA's exhaustion requirement); *see also Johnson v. Johnson*, 385 F.3d 503, 522 (5th Cir. 2004) ("[T]he primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued[.]").

6

For that reason, we think it immaterial that Hardin's amended complaint named "new" defendants, because that mere act did not create "new" claims for purposes of PLRA exhaustion. Indeed, as the Tenth Circuit has observed, "*Jones* teaches that, although adding or substituting a defendant may create a new claim for some purposes, it does not do so for purposes of the PLRA exhaustion requirement." *May v. Segovia*, 929 F.3d 1223, 1230 (10th Cir. 2019) (emphasis omitted)); *see also Chambers v. Sood*, 956 F.3d 979, 984–85 (7th Cir. 2020) ("Chambers's claim against Dr. Sood is not new; it's the same claim he raised in his original pro se complaint, albeit against "Unknown Doctor #1.").

Instead, all that matters here is that, based on Hardin's own admissions, the claims in the amended complaint are predicated on the same underlying facts alleged in the original complaint. It is those underlying alleged facts that the prison must have the opportunity to fully investigate and assess before being haled into court. *See Jones*, 549 U.S. at 219. The prison was not given that opportunity here. Thus, Hardin failed to exhaust his administrative remedies under the PLRA.

Moreover, Hardin's noncompliance with the PLRA's exhaustion requirement cannot be "cured" by amendment under Rule 15, as several of our sister circuits have observed. *See, e.g.*, *Chambers*, 956 F.3d at 984; *May*, 929 F.3d at 1229.[2] The only "cure" for failure to exhaust in the PLRA context is the filing of a new action once exhaustion is complete.

---

[2] We too have previously held, albeit in unpublished opinions, that Rule 15 amendment cannot be used to circumvent the PLRA's pre-suit exhaustion requirement. *See, e.g.*, *Hayes v. Stanley*, 204 F. App'x 304, 304 n.1 (4th Cir. 2006) (per curiam).

7

The district court therefore was right to dismiss Hardin's action without prejudice for failure to exhaust. Any potential relief to which Hardin has a right regarding these claims must be sought in a new action.

## IV.

Accordingly, we affirm the judgment below.

*AFFIRMED*