**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 22-7034**

KARL DEPUY,

        Petitioner - Appellant,

    v.

HAROLD CLARKE, Director of the Department of Corrections,

        Respondent - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Leonie M. Brinkema, District Judge.  (1:22-cv-00620-LMB-WEF)

Submitted:  November 10, 2022              Decided:  August 10, 2023

Before GREGORY and RICHARDSON, Circuit Judges, and FLOYD, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Karl Heinz Depuy, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Karl Heinz Depuy seeks to appeal the district court's August 22, 2022, order denying leave to proceed in forma pauperis and dismissing without prejudice his 28 U.S.C. § 2254 petition. We dismiss the appeal for lack of jurisdiction.

Before addressing the merits of an appeal, we are obliged to assure ourselves of our own jurisdiction.[*] *Porter v. Zook*, 803 F.3d 694, 696 (4th Cir. 2015). We may exercise jurisdiction only over final orders, 28 U.S.C. § 1291, and certain interlocutory and collateral orders, 28 U.S.C. § 1292; Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-46 (1949). A final order "generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Britt v. DeJoy*, 45 F.4th 790, 792 (4th Cir. 2022) (en banc) (published order) (internal quotation marks omitted). "[S]o long as the matter remains open, unfinished or inconclusive, there may be no intrusion by appeal." *Id.* (internal quotation marks omitted).

The August 22 order dismissed Depuy's petition without prejudice but provided Depuy an opportunity to reopen the petition by paying the filing fee within 30 days. That

---

[*] Initially, although the district court purported to vacate the August 22 order on October 24, 2022, we conclude that the October 24 order did not moot this appeal, as the district court lacked jurisdiction to issue its October 24 ruling during the pendency of this appeal. *See Doe v. Pub. Citizen*, 749 F.3d 246, 258-59 (4th Cir. 2014) (explaining that "a timely filed notice of appeal transfers jurisdiction of a case to the court of appeals and strips a district court of jurisdiction to rule on any matters involved in the appeal," and clarifying that district court does not satisfy exception for rulings "in aid of the appeal when it alters the status of the case as it rests before the court of appeals" (cleaned up)). Although Depuy has not appealed the October 24 order, we address the validity of that order insofar as it influences our jurisdiction over the present matter.

2

portion of the August 22 order is neither a final order nor an appealable interlocutory or collateral order. *See Castro County v. Crespin*, 101 F.3d 121, 128 (D.C. Cir. 1996) (addressing finality of conditional dismissal); *Otis v. City of Chicago*, 29 F.3d 1159, 1163-68 (7th Cir. 1994) (same); *see also Britt*, 45 F.4th at 797 & n.9 (rejecting "springing finality" approach to jurisdiction); *Penn-Am. Ins. Co. v. Mapp*, 521 F.3d 290, 296 (4th Cir. 2008) (holding that order dismissing case from "active docket" with leave to reinstate upon proper motion by any party was nonfinal).

The portion of the August 22 order denying Depuy leave to proceed in forma pauperis is immediately appealable. *Roberts v. U.S. Dist. Court*, 339 U.S. 844, 845 (1950) (per curiam). Because Depuy recently paid the filing fee in full, however, Depuy's appeal of the denial of in forma pauperis status is now moot. *See Holloway v. City of Va. Beach*, 42 F.4th 266, 273 (4th Cir. 2022) ("A dispute is moot, depriving federal courts of jurisdiction to decide it, when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." (internal quotation marks omitted)).

Accordingly, we dismiss the appeal for lack of jurisdiction. We deny Depuy's motion for transcripts at government expense. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

3