**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 24-1549**

_____

CARL POTTER,

Plaintiff - Appellant,

v.

NAVY FEDERAL CREDIT UNION, CFO - John Collins,

Defendant - Appellee.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  M. Hannah Lauck, District Judge.  (3:24-cv-00128-MHL)

_____

Submitted:  February 20, 2025                    Decided:  February 24, 2025

_____

Before AGEE, HARRIS, and RUSHING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Carl Potter, Appellant Pro Se.  David M. Gettings, TROUTMAN PEPPER LOCKE LLP, Virginia Beach, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carl Potter appeals the district court's order dismissing his complaint without prejudice pursuant to Fed. R. Civ. P. 41(b) for his failure to comply with the court's directive to file an amended complaint.[1]  On appeal, we confine our review to the issues raised in the informal brief.  *See* 4th Cir. R. 34(b).  Because Potter's informal brief does not challenge the basis for the district court's disposition, he has forfeited appellate review of the court's order.  *See Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014) ("The informal brief is an important document; under Fourth Circuit rules, our review is limited to issues preserved in that brief."); *United States v. Copeland*, 707 F.3d 522, 530 (4th Cir. 2013) ("[G]enerally we will not consider issues raised for the first time in a reply brief.").  Moreover, even had Potter raised this issue on appeal, we discern no abuse of discretion in the district court's dismissal of his complaint for his failure to comply with the court's order that he file an amended complaint.[2]  Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are

---

[1] The order of dismissal without prejudice is a final, appealable order because the court did not grant Potter further leave to amend.  *See Britt v. DeJoy*, 45 F.4th 790, 796 (4th Cir. 2022) (en banc).

[2] Appellee seeks dismissal of this appeal as untimely.  However, because the district court did not enter a separate judgment as required by Fed. R. Civ. P. 58(a), the final judgment was not deemed entered until 150 days after entry of the court's May 2, 2024, dismissal order.  *See* Fed. R. App. P. 4(a)(7)(A); Fed. R. Civ. P. 58(c)(2).  The June 12, 2024, notice of appeal is therefore timely.

adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*