**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 23-1763**

---

PHYLLIS M. WEAVER,

        Plaintiff - Appellant,

      v.

WALGREEN COMPANY,

        Defendant - Appellee.

---------------------------------------

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

        Amicus Supporting Appellant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, District Judge.  (5:23-cv-00063-BO-RN)

---

Argued:  January 28, 2025                             Decided:  April 8, 2025

---

Before GREGORY, WYNN, and HEYTENS, Circuit Judges.

---

Dismissed and remanded by unpublished opinion.  Judge Gregory wrote the opinion, in which Judge Wynn and Judge Heytens joined.

---

**ARGUED:**  Robert Thomas Vance, Jr., LAW OFFICES OF ROBERT T. VANCE JR., Philadelphia, Pennsylvania, for Appellant.  Sarah E. Bouchard, MORGAN, LEWIS & BOCKIUS LLP, Philadelphia, Pennsylvania, for Appellee.  Anne Noel Occhialino, EQUAL

EMPLOYMENT OPPORTUNITY COMMISSION, Washington, D.C., for Amicus Curiae. **ON BRIEF:** Michael J. Puma, MORGAN, LEWIS & BOCKIUS LLP, Philadelphia, Pennsylvania, for Appellee. Karla Gilbride, General Counsel, Jennifer S. Goldstein, Associate General Counsel, James Driscoll-MacEachron, Office of General Counsel, EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Washington, D.C., for Amicus Curiae.

---

Unpublished opinions are not binding precedent in this circuit.

GREGORY, Circuit Judge:

Phyllis Weaver, a former pharmacist at the Walgreen Company ("Walgreens"), sued Walgreens under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act ("ADA"), and the Civil Rights Act of 1866, 42 U.S.C. § 1981, alleging various race- and disability-based claims. Walgreens filed a motion to dismiss Weaver's Title VII and ADA claims for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1), and her Title VII and § 1981 claims for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The district court granted Walgreens' motion to dismiss the Title VII and ADA claims under 12(b)(1), and then denied the 12(b)(6) portion of Walgreens' motion as moot. The opinion did not address the § 1981 claim; nevertheless, it closed the case. Because the district court did not resolve all of Weaver's claims, the order of dismissal was not an appealable final decision. Therefore, we dismiss this appeal for lack of jurisdiction and remand to the district court to adjudicate the § 1981 claim.

I.

The following facts are taken from Weaver's complaint, and, as this case was decided on a motion to dismiss, we accept all factual allegations as true and draw all reasonable inferences in Weaver's favor. Phyllis Weaver is an African-American woman who worked for Walgreens as a pharmacist beginning in 2008. J.A. 6–7. She has several disabilities recognized within the ADA. J.A. 7. In 2014, Weaver requested a reasonable accommodation, which Walgreens denied without justification. *Id.*

3

In August 2017, she was robbed at work and "ha[d] a gun held to her head for 15 minutes." *Id.* "This incident exacerbated [her] pre-existing medical conditions and resulted in further disabilities." *Id.* She was out of work on short-term disability until December 26, 2017. *Id.* Upon her return to work, she "experienced consistent race and disability discrimination and harassment and was subjected to hostile work conditions." *Id.*

In May 2018, during a conversation with her supervisor, Weaver again requested a reasonable accommodation that Walgreens denied without justification. J.A. 8. Her Pharmacy Manager told her that "he did not care what her medical issues might be, that she was not performing the duties of her position, and that he intended to terminate her employment." *Id.* Weaver contends that she satisfactorily performed her job duties. J.A. 8–9. She provided Walgreens "with evidence of her disabilities from a health care professional" and "suggested reasonable accommodations," including not working back-to-back shifts, providing an assistant during overnight shifts, and moving her to a location other than the one where she was robbed. J.A. 8.

Walgreens treated her "different and worse than her non-Black co-workers with respect to the performance of her job duties, and resorted to false comparisons of her job performance in order to attempt to create justification for her termination." *Id.* Walgreens terminated Weaver's employment on September 6, 2018, allegedly for violating its Pharmacy and Healthcare Professionals Commitment to Compliance Policy as well as its Safe Medication Disposal Program Policy. *Id.* Weaver was not aware of nor trained on

these policies. *Id.* Weaver alleges that Walgreens actually terminated her "because of her race and her disability, perceived disability or record of having been disabled." *Id.*

## II.

Weaver timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and received a Notice of Right to Sue ("NRTS"). J.A. 6. The parties debate the timing of the NRTS' mailing; in short, the field for "Date Mailed" on the NRTS was marked with September 20, 2019, J.A. 53, but Weaver contends that the letter was not mailed until October, *see* Opening Br. at 20; J.A. 154.

Weaver filed suit in the United States District Court for the Eastern District of Pennsylvania on December 27, 2019, bringing claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000d, 2000e *et seq.*; the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*; and the Civil Rights Act of 1866, 42 U.S.C. § 1981. J.A. 6–12. She alleges that she "commenced this action within 90 days of receipt of the NRTS." J.A. 6. Upon Walgreens' motion to dismiss for improper venue, among other grounds, the Pennsylvania district court transferred the case to the United States District Court for the Eastern District of North Carolina and denied the rest of Walgreens' motion without prejudice. J.A. 107, 111.

Once before the North Carolina district court, Walgreens moved to dismiss Weaver's complaint pursuant to Rules 12(b)(1) and (b)(6). J.A. 113. First, relying on the September 20, 2019, date on the NRTS, Walgreens argued that Weaver's complaint was filed more than ninety days after receipt of the NRTS, in violation of the ninety-day filing

5

window set by Title VII and the ADA. J.A. 122. Walgreens contended that filing within ninety days was a jurisdictional requirement, J.A. 122 n.3, and therefore asked the district court to dismiss Weaver's Title VII and ADA claims for lack of jurisdiction under Rule 12(b)(1), *id.*; *see also* J.A. 126. Second, Walgreens asked the court to dismiss Weaver's Title VII and § 1981 claims for failure to state a claim under Rule 12(b)(6). J.A. 123–26.

The district court granted Walgreens' motion to dismiss pursuant to Rule 12(b)(1). *See* J.A. 180. The court stated that "the ninety-day filing requirement is a jurisdictional prerequisite for filing a complaint under the ADA and Title VII," and found that Weaver is presumed to have received the notice on September 24, 2019, such that her "complaint was untimely and must be dismissed." J.A. 178–79. While the court addressed two of Weaver's three claims, it never addressed the third—her § 1981 claim. *See* J.A. 177–80.

In its conclusion, the court wrote that "Defendant's motion [ ] to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) is GRANTED. The remaining portions of that motion are DENIED AS MOOT. The Clerk is DIRECTED to close the case." J.A. 180. As explained above, Walgreens' motion under 12(b)(1) was only as to the Title VII and ADA claims, and therefore the court's grant of that motion could only apply to those two claims. Although the court did not address the § 1981 claim, Judgment was entered and the case closed. J.A. 181.

Weaver timely appealed the dismissal of her complaint. She raises various issues: whether the Pennsylvania district court erred in denying her request to take jurisdictional discovery before ruling on Walgreens' motion to dismiss; whether the North Carolina

6

district court erred in its dismissal of her Title VII and ADA claims; and whether the North Carolina district court erred in closing the case without addressing her § 1981 claim. *See* Opening Br. at 1–2. The EEOC filed a brief as amicus curiae on the issue of the ninety-day filing requirement, arguing that it is not jurisdictional. *See* EEOC Br. at 2. The Court ordered supplemental briefing on the issue of appellate jurisdiction.

## III.

Before considering the merits of an appeal, we have an independent "obligation to verify the existence of appellate jurisdiction." *Palmer v. City Nat'l Bank, of W. Va.*, 498 F.3d 236, 240 (4th Cir. 2007). Our jurisdiction is limited to appeals from "final decisions." 28 U.S.C. § 1291. "Ordinarily, a district court order is not 'final' until it has resolved all claims as to all parties." *Fox v. Balt. City Police Dep't*, 201 F.3d 526, 530 (4th Cir. 2000); *see also Britt v. DeJoy*, 45 F.4th 790, 793 (4th Cir. 2022).

"In making that assessment, we look to substance, not form." *Porter v. Zook*, 803 F.3d 694, 696 (4th Cir. 2015). Among key factors that make an order final—and, thus, within our jurisdiction for appellate review—are whether the district court's "order display[ed] an awareness of the [missing] claim," the "court's discussion use[d] language encompassing" that claim, or the court "addressed the central component" of the claim. *Hixson v. Moran*, 1 F.4th 297, 301 (4th Cir. 2021) (cleaned up). When a district court has done the above, the district court's order is "final." *Id*. However, when a district court issues an order dismissing a case "without ruling on or seeming to recognize" a claim, nor discussing a "central component of [that missing] claim," we are deprived of jurisdiction.

7

*Porter*, 803 F.3d at 698–99.  This is true "[r]egardless of the label given a district court decision." *Id.* at 696.

IV.

In the background section of its opinion, the district court acknowledged the existence of Weaver's § 1981 claim by listing it as one of three claims she brought.  J.A. 177–78 (stating that Weaver "claims that Walgreens violated the Americans with Disabilities Act, Title VII of the Civil Rights Act of 1964, and 42 U.S.C. § 1981 . . . ."). However, beyond that one passing reference, the court did not display any awareness of her § 1981 claim.  *See Hixson*, 1 F.4th at 301.

The district court's discussion engaged solely with the ninety-day filing window for Weaver's Title VII and ADA claims.  J.A. 178–80.  It concluded that her complaint was untimely because it was filed after that window.  J.A. 179–80.  But the ninety-day filing window does not apply to § 1981 claims, as even Walgreens concedes.  *See* Appellee's Suppl. Br. (DE 82) at 2; *see also Johnson v. Ry. Express Agency, Inc.*, 421 U.S. 454, 460 (1975) (EEOC charge is not a prerequisite to filing a § 1981 suit).  Thus, the reasoning that the district court applied in discussing the Title VII and ADA claims could not extend to the § 1981 claim, nor does that reasoning demonstrate that the district court contemplated or intended to dismiss the § 1981 claim.  *Compare Est. of Cunningham v. Mayor of Balt.*, 128 F.4th 238, 242–43 (4th Cir. 2025) (district court's finding of temporal implausibility of liability for one defendant as the basis for dismissing that defendant could not apply to the other two defendants, such that district court's order was not final); *with Hixson*, 1 F.4th

8

at 301–02 (district court's analysis of doctor's actions applied to both of plaintiff's deliberate indifference claims such that the district court's order was final), *and B.P.J. by Jackson v. W. Va. State Bd. of Educ.*, 98 F.4th 542, 552, 554–55 (4th Cir. 2024) (district court's finding that certain elements of Title IX and equal protection claims were not met, requiring dismissal, equally applied to defendant Commission that had not filed a motion for summary judgment on those grounds, such that the district court's order was final), *and FX Aviation Capital LLC v. Hector Guerrero*, No. 24-1027, 2025 WL 521303, at *4–5 (4th Cir. Feb. 18, 2025) (district court's finding that an element of RICO was not satisfied hinged on the nature and duration of the scheme, not the individual actions of any particular member, such that the failure of the district court to address one defendant did not alter the analysis nor preclude the district court's order from being final).

The district court did not address any "central component" of Weaver's § 1981 claim. *Porter*, 803 F.3d at 698–99. Such discussion was particularly critical here, where Walgreens' motion to dismiss the Title VII and ADA claims was based on jurisdictional grounds under Rule 12(b)(1), but its motion to dismiss the § 1981 claim was for failure to state a claim under Rule 12(b)(6). That 12(b)(6) motion required an analysis of the elements, as no jurisdictional argument nor affirmative defense was before the court. Without such an analysis, we have no understanding of the court's basis for dismissing the § 1981 claim—or if it even meant to do so—before purportedly closing the case. Thus, it cannot be said that the district court "rul[ed] on" Weaver's § 1981 claim. *Id.* at 698.

9

Weaver argues that "[a]lthough . . . the district court . . . never addressed the viability of her Section 1981 claim, the Judgment closed the case," and therefore "this Court has jurisdiction over this appeal." Appellant's Suppl. Br. (DE 88) at 4; *see also id.* at 6. But *Porter* directs us to "look to substance, not form," and emphasizes that the "label" on the district court's order and Judgment—in this case, stating that "[t]his case is closed," J.A. 181—is not dispositive, 803 F.3d at 696. Accordingly, because the district court did not address Weaver's § 1981 claim in closing the case, its decision is not final.

## V.

We find that the district court's order is not an appealable final decision. Therefore, we lack jurisdiction and remand for consideration of Weaver's § 1981 claim. We express no opinion regarding the merits of any of Weaver's arguments on appeal. This case is

*DISMISSED AND REMANDED*.

10