**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 25-1134**

———————

GEORGE CLEVELAND, III,

Plaintiff - Appellant,

v.

CODI J. BUCHANAN; KRYSTAL GARNER; JENA MARCENGIL,

Defendants - Appellees.

———————

Appeal from the United States District Court for the District of South Carolina, at Anderson.  Joseph Dawson, III, District Judge, and Robert Bryan Harwell, Senior District Judge.  (8:23-cv-03571-JD)

———————

Submitted:  July 28, 2025                                              Decided:  July 31, 2025

———————

Before KING, WYNN, and BERNER, Circuit Judges.

———————

Dismissed in part and affirmed in part by unpublished per curiam opinion.

———————

George Cleveland, III, Appellant Pro Se.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

George Cleveland III seeks to appeal the district court's order accepting the magistrate judge's recommendation and dismissing without prejudice Cleveland's pro se 42 U.S.C. § 1983 complaint* and the court's order denying his Fed. R. Civ. P. 59(e) motion. In civil cases, parties have 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). A timely motion under Rule 59(e), however, tolls the running of the time to file a notice of appeal. Fed. R. App. P. 4(a)(4)(A)(iv). Under Rule 59, the motion "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered the dismissal order on May 23, 2024, and the appeal period expired on June 24, 2024. To toll the appeal period, Cleveland had until June 20, 2024, to file his Rule 59(e) motion. Cleveland filed his Rule 59(e) motion on June 25, 2024—five days after the deadline expired—so the motion did not toll the appeal period. Because Cleveland filed his notice of appeal on February 5, 2025, and did not obtain an extension or reopening of the appeal period, his notice of appeal is untimely. We thus dismiss the

---

* The district court's dismissal order is final because the court did not grant leave to amend. *Britt v. DeJoy*, 45 F.4th 790, 796 (4th Cir. 2022) (en banc) (order).

2

appeal from the district court's judgment for lack of jurisdiction because the notice of appeal was not timely filed.

Cleveland filed a timely notice of appeal from the district court's order denying his Rule 59(e) motion. Because he filed the motion more than 28 days after the entry of judgment, the district court should have construed the motion as filed pursuant to Fed. R. Civ. P. 60(b). *See In re Burnley*, 988 F.2d 1, 2-3 (4th Cir. 1992). We have reviewed the record and conclude that any error is harmless, *see* Fed. R. Civ. P. 61, and that the district court did not abuse its discretion in denying the motion for reconsideration, as Cleveland failed to demonstrate any grounds that would entitle him to relief under Rule 60(b). *Justus v. Clarke*, 78 F.4th 97, 104-06 (4th Cir. 2023) (stating standard of review and providing standard for Rule 60(b) motion); *see CNF Constructors, Inc. v. Donohoe Constr. Co.*, 57 F.3d 395, 401 (4th Cir. 1995) (stating that, where a motion is for reconsideration of legal issues already addressed in an earlier ruling, the motion is not authorized by Rule 60(b)" (citation modified)). We thus affirm the district court's order denying reconsideration. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*

3