**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 24-1413**

─────────────

DEREK KENT HARMON, SR.,

        Plaintiff - Appellant,

    v.

COLEMAN WORLDWIDE MOVING, LLC,

        Defendant - Appellee.

─────────────

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Leonie M. Brinkema, District Judge.  (1:24-cv-00351-LMB-WEF)

─────────────

Submitted:  October 20, 2025                 Decided:  December 30, 2025

─────────────

Before THACKER, RUSHING, and BENJAMIN, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Derek Kent Harmon, Sr., Appellant Pro Se.  Jeffrey Cox, John T. Husk, SEATON & HUSK, LP, Vienna, Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Derek Kent Harmon, Sr., appeals the district court's order dismissing without prejudice his civil action against Coleman Worldwide Moving, LLC ("Coleman").[*] Construing his informal brief liberally, *see Wall v. Rasnick*, 42 F.4th 21,4, 218 (4th Cir. 2022), Harmon challenges the district court's dismissal of his claims as preempted by federal law and the court's dismissal of his complaint without leave to amend. We affirm.

We review de novo the district court's dismissal under Fed. R. Civ. P. 12(b)(6), accepting the complaint's factual allegations as true and construing those facts in the light most favorable to the plaintiff. *Barbour v. Garland*, 105 F.4th 579, 589 (4th Cir. 2024). In doing so, "we need not accept legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." *Turner v. Thomas*, 930 F.3d 640, 644 (4th Cir. 2019) (internal quotation marks omitted). "To survive a 12(b)(6) motion to dismiss, a complaint must provide enough facts to state a claim to relief that is plausible on its face." *Guerrero v. Ollie's Bargain Outlet, Inc.*, 115 F.4th 349, 353 (4th Cir. 2024) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

---

[*] The district court's dismissal without prejudice is a final order because the court dismissed the complaint "without providing leave to amend." *See Britt v. DeJoy*, 45 F.4th 790, 796 (4th Cir. 2022) (en banc).

We have reviewed the record and find no reversible error in the district court's construction of Harmon's complaint as raising only state law claims for bailment and conversion. *See id.*; *Guerrero*, 115 F.4th at 353. Likewise, we find no reversible error in the district court's conclusion that those state law claims are preempted by federal law. *See Dan's City Used Cars, Inc. v. Pelkey*, 569 U.S. 251, 260-61 (2013) (discussing preemption under 49 U.S.C. § 14501(c)(1)); *Adams Express Co. v. Croninger*, 226 U.S. 491, 505-06 (1913) (discussing broad preemption under Carmack Amendment, 49 U.S.C. § 14706); *5K Logistics, Inc. v. Daily Exp., Inc.*, 659 F.3d 331, 335 (4th Cir. 2011) (same); *see also Northwest, Inc. v. Ginsberg*, 572 U.S. 273, 281-82 (2014) (recognizing that common law tort claims "fall comfortably within the language" of preemption provision that, by its terms, "applies to state laws, regulations, or other provisions having the force and effect of law" (alterations and internal quotation marks omitted)). Finally, in light of Harmon's failure to seek leave to amend—or, in fact, to oppose dismissal in any manner—we find no abuse of discretion in the district court's decision to dismiss the complaint without prejudice but without granting leave to amend. *See United States ex rel. Nicholson v. MedCom Carolinas, Inc.*, 42 F.4th 185, 197 (4th Cir. 2022) (standard of review); *Cozzarelli v. Inspire Pharms. Inc.*, 549 F.3d 618, 630-31 (4th Cir. 2008) (observing that district court does not abuse its discretion in declining to grant leave to amend complaint when no request was properly made); *see also Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001) ("The primary meaning of 'dismissal without prejudice . . . is dismissal without barring the plaintiff from returning later, to the same court, with the same underlying claim.").

Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*